# Marsh v. Perrin.

Judgment Obtained by Fraud will be Set Aside.—A judgment obtained by the improper management or fraud of a party against one who has a good defense to an action at law, will be set aside and the proceedings under it enjoined.

Appeal from Umatilla County.

*Bonham & Ramsey*, for appellant.

*J. H. Reed and James K. Kelly*, for respondent.

By the Court, LORD, J.:

Where a defendant had been sued in a justice's court, and a short time before the hour of trial had arrived, he, at the suggestion of the attorneys for the plaintiff, was engaged and occupied with the plaintiff, and one of his said attorneys, in an effort to make a settlement, and the other attorney, knowing them to be thus engaged, and while such effort at settlement was pending, procured a judgment against him, (whether just before the hour set for trial, or shortly after it had expired, the evidence is conflicting) and without the knowledge of such defendant, and it appearing by the answer of the defendant filed upon a motion for new trial in the justice's court, that he had a meritorious defense, which he was prevented from setting up by reason of the facts hereof; *Held*, that the judgment must be set aside and the proceedings under it enjoined, and the defendant permitted to file his answer in said justice's court.

Where a party, having a good defense to an action at law, and has had no opportunity to make it, by the improper management, or fraud of the opposite party, and by reason thereof a judgment has been obtained which it is against good conscience to enforce, equity will interfere to restrain the use of an advantage thus gained. Decree modified in accordance with this opinion.